IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE | : | NO. |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| PENNSYLVANIA LEADERSHIP CHARTER SCHOOL and CENTER FOR PERFORMING AND FINE ARTS | : | |
| *Defendants*. | : | JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW, comes Plaintiff, JANE DOE, through counsel, Andreozzi + Foote, who files this Complaint against Defendants, and states as follows:

## PARTIES

1. Plaintiff, Jane Doe, is an adult resident of Philadelphia County, Pennsylvania.

2. Defendant, Pennsylvania Leadership Charter School ("PALCS"), is a K-12 Pennsylvania state-approved, public cyber charter school in Chester County, Pennsylvania.

3. PALCS is located at 1332 Enterprise Drive, West Chester, Pennsylvania, 19380, which is within this District.

1

4. Defendant, Center for Performing and Fine Arts ("CPFA"), is a supplementary arts program for PALCS students grades 6-12.

5. CPFA is located at 211 Carter Drive, Suite C, West Chester, Pennsylvania, 19380, which is within this District.

6. Plaintiff is identified under a pseudonym as this case involves Plaintiff's childhood sexual abuse. Defendant is aware of Plaintiff's identity and will suffer no prejudice by the use of Plaintiff's pseudonym.

7. Upon information and belief, at all relevant times, PALCS and CPFA were recipients of federal funds within the meaning of Title IX.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Count I pursuant to 28 U.S.C. § 1331, which gives United States District Courts jurisdiction over civil actions arising under the laws of the United States, including Title IX of the Educational Amendments of 1972 ("Title IX").

9. This Court also has jurisdiction over Counts II and III based upon supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). The laws of the Commonwealth of Pennsylvania apply to Counts II and III.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), since the parties resides in this District and the events giving rise to the claims occurred in this District.

## FACTS

11. This matter arises from the childhood sexual abuse of Plaintiff by Seth J. Reich ("Reich"), former teacher of Defendants.

12. Plaintiff met Reich pursuant to Reich's role as a teacher at CPFA, where Plaintiff attended school.

13. Reich taught at CPFA since 2017.

14. Reich sexually abused Plaintiff at CPFA in approximately 2019 through 2021 when Plaintiff was 17 through 19 years old.

15. The sexual abuse occurred approximately 100 times over the two-year period.

16. Prior to the cessation of Plaintiff's abuse by Reich, employee(s), volunteers, and/or agent(s) of Defendants, including administrators with the power to take corrective action, became aware of Reich's inappropriate behavior toward minor female students.

17. Reports to Defendants about Reich's inappropriate behavior with students was known to Defendants' leadership prior to the cessation of Plaintiff's sexual abuse.

18. Such behavior put Defendants' leadership and administration, on actual notice that Reich posed a risk of sexual harm to Defendants' students, including Plaintiff.

19. Despite such notice of Reich's behaviors by Defendants, no meaningful action was taken to protect Plaintiff from Reich and any reported inappropriate action by Reich was dismissed by Defendants.

20. Due to the actions and omissions of the Defendants outlined herein, Plaintiff was sexually abused, suffering injury.

## COUNT I

### Plaintiff v. Defendant PALCS

**Violation of Title IX of the Education Amendments Act of 1972,
20 U.S.C. § 1681, *et seq.* for Sexual Harassment**

21. The allegations throughout this Complaint are incorporated as if set forth at length.

22. Upon information and belief, at all relevant times, PALCS was a recipient of federal funds within the meaning of Title IX.

23. Plaintiff endured sexual harassment and abuse based upon her gender while attending a PALCS school.

24. Actual notice of the sexual harassment and abuse was received by appropriate persons within PALCS.

25. PALCS responded to the harassment and abuse with deliberate indifference.

26. Due to PALCS's deliberate indifference to known acts of sexual harassment and abuse of Plaintiff that was severe, pervasive, and objectively offensive, PALCS barred Plaintiff's access to educational opportunity and education benefits in violation of Title IX.

27. Due to PALCS's actions and/or inactions, Plaintiff suffered damages.

## COUNT II

### Plaintiff v. Defendant PALCS

**Negligent, Grossly Negligent, and Reckless Hiring/Retention/Supervision of Employees, Agents and/or Contractors**

28. The allegations throughout this Complaint are incorporated as if set forth at length.

29. At all times relevant, PALCS owed a duty to protect Plaintiff from sexual abuse.

30. PALCS violated its duty, and was negligent, careless, and/or reckless as follows:

   a. By failing to establish adequate child abuse prevention policies, procedures, and practices;
   b. By failing to make mandatory and adhere (and ensure adherence) to such policies, procedures, and practices;
   c. By failing to adequately screen and supervise all those with access to children, including Reich;
   d. By failing to retain, hire, train, and supervise agents/employees with regard to the prevention of child sexual abuse;
   e. By failing to adequately monitor and supervise Reich and Plaintiff;

  f. By failing to know the risks of sexual abuse inherent in youth serving activities;

  g. By failing to require child sex abuse training for parents/guardians and children;

  h. By failing to recognize the signs that Reich was a child sexual predator;

  i. By failing to conduct an appropriate background check on Reich;

  j. By allowing Reich to work with children despite his history;

  k. By failing to terminate Reich from his role despite Reich's red flags and lack of fitness for the role.

31. As a direct and proximate cause of the PALCS's actions and omissions, and breach of the duties of reasonable care, Plaintiff was sexually abused, resulting in damages.

## COUNT III

### Plaintiff v. Defendant PALCS

### Negligence, Gross Negligence, and Recklessness

32. The allegations throughout this Complaint are incorporated as if set forth at length.

33. At all times relevant, PALCS owed a duty to protect Plaintiff from sexual abuse.

34. PALCS violated its duty, and was negligent, careless, and/or reckless as follows:

  a. By failing to establish adequate child abuse prevention policies, procedures, and practices;

    b.    By failing to make mandatory and adhere (and ensure adherence) to such policies, procedures, and practices;

    c.    By failing to adequately screen and supervise all those with access to children, including Reich;

    d.    By failing to retain, hire, train, and supervise agents/employees with regard to the prevention of child sexual abuse;

    e.    By failing to adequately monitor and supervise Reich and Plaintiff;

    f.    By failing to know the risks of sexual abuse inherent in youth serving activities;

    g.    By failing to require child sex abuse training for parents/guardians and children;

    h.    By failing to recognize the signs that Reich was a child sexual predator;

    i.    By failing to conduct an appropriate background check on Reich;

    j.    By allowing Reich to work with children despite his history;

    k.    By failing to terminate Reich from his role despite Reich's red flags and lack of fitness for the role.

35.    As a direct and proximate cause of PALCS's actions and omissions, and breach of the duties of reasonable care, Plaintiff was sexually abused, resulting in damages.

## COUNT IV

### Plaintiff v. Defendant CPFA

### Violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681, *et seq.* for Sexual Harassment

36.    The allegations throughout this Complaint are incorporated as if set forth at length.

37. Upon information and belief, at all relevant times, CPFA was a recipient of federal funds within the meaning of Title IX.

38. Plaintiff endured sexual harassment and abuse based upon her gender while attending a CPFA school.

39. Actual notice of the sexual harassment and abuse was received by appropriate persons within CPFA.

40. CPFA responded to the harassment and abuse with deliberate indifference.

41. Due to CPFA's deliberate indifference to known acts of sexual harassment and abuse of Plaintiff that was severe, pervasive, and objectively offensive, CPFA barred Plaintiff's access to educational opportunity and education benefits in violation of Title IX.

42. Due to CPFA's actions and/or inactions, Plaintiff suffered damages.

## COUNT V

### Plaintiff v. Defendant CPFA

**Negligent, Grossly Negligent, and Reckless Hiring/Retention/Supervision of Employees, Agents and/or Contractors**

43. The allegations throughout this Complaint are incorporated as if set forth at length.

44. At all times relevant, CPFA owed a duty to protect Plaintiff from sexual abuse.

45. CPFA violated its duty, and was negligent, careless, and/or reckless as follows:

> l. By failing to establish adequate child abuse prevention policies, procedures, and practices;
> m. By failing to make mandatory and adhere (and ensure adherence) to such policies, procedures, and practices;
> n. By failing to adequately screen and supervise all those with access to children, including Reich;
> o. By failing to retain, hire, train, and supervise agents/employees with regard to the prevention of child sexual abuse;
> p. By failing to adequately monitor and supervise Reich and Plaintiff;
> q. By failing to know the risks of sexual abuse inherent in youth serving activities;
> r. By failing to require child sex abuse training for parents/guardians and children;
> s. By failing to recognize the signs that Reich was a child sexual predator;
> t. By failing to conduct an appropriate background check on Reich;
> u. By allowing Reich to work with children despite his history;
> v. By failing to terminate Reich from his role despite Reich's red flags and lack of fitness for the role.

46. As a direct and proximate cause of the CPFA's actions and omissions, and breach of the duties of reasonable care, Plaintiff was sexually abused, resulting in damages.

## COUNT VI

### Plaintiff v. Defendant CPFA

### Negligence, Gross Negligence, and Recklessness

47. The allegations throughout this Complaint are incorporated as if set forth at length.

48. At all times relevant, CPFA owed a duty to protect Plaintiff from sexual abuse.

49. CPFA violated its duty, and was negligent, careless, and/or reckless as follows:

   a. By failing to establish adequate child abuse prevention policies, procedures, and practices;
   b. By failing to make mandatory and adhere (and ensure adherence) to such policies, procedures, and practices;
   c. By failing to adequately screen and supervise all those with access to children, including Reich;
   d. By failing to retain, hire, train, and supervise agents/employees with regard to the prevention of child sexual abuse;
   e. By failing to adequately monitor and supervise Reich and Plaintiff;
   f. By failing to know the risks of sexual abuse inherent in youth serving activities;
   g. By failing to require child sex abuse training for parents/guardians and children;
   h. By failing to recognize the signs that Reich was a child sexual predator;
   i. By failing to conduct an appropriate background check on Reich;
   j. By allowing Reich to work with children despite his history;
   k. By failing to terminate Reich from his role despite Reich's red flags and lack of fitness for the role.

50. As a direct and proximate cause of CPFA's actions and omissions, and breach of the duties of reasonable care, Plaintiff was sexually abused, resulting in damages.

WHEREFORE, Plaintiff requests damages against Defendants more than $75,000, including attorneys' fees, costs, pre and post judgment interest, compensatory damages, punitive damages, and such other relief as this Honorable Court deems appropriate.

Respectfully Submitted,

**ANDREOZZI + FOOTE**

Dated: January 29, 2024

*/s/ Nathaniel L. Foote*
Nathaniel L. Foote, Esq. (PA #318998)
nate@vca.law

*/s/ Veronica N. Hubbard*
Veronica N. Hubbard, Esq. (PA #323718)
veronica@vca.law

4503 North Front Street
Harrisburg, PA 17110
Ph: 717.525.9124 | Fax: 717.525.9143
*Attorneys for Plaintiff*