IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| JANE DOE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA LEADERSHIP | : | |
| CHARTER SCHOOL, *et al.* | : | |
| | : | No. 24-00407 |
| Defendants. | : | |
| | : | |

**ORDER**

**AND NOW,** this 13th day of May, 2024, upon consideration of Plaintiff's Uncontested Motion to Proceed Anonymously (Doc. No. 14), and having found Plaintiff's private interests in anonymity outweigh the public's interest in access to her identity in this case, it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED**.[1] It is **FURTHER ORDERED** that Plaintiff shall be identified as Jane Doe in all public filings.

---

[1] This case concerns Plaintiff Jane Doe's sexual abuse committed by an employee of Defendant Pennsylvania Leadership Charter School ("PALCS"). Plaintiff alleges that PALCS failed to prevent the abuse after it had actual or constructive notice that its employee, Seth Reich, posed a risk of harm to PALCS students. Presently before the Court is Plaintiff's Motion to Proceed Anonymously. *See* Doc. No. 14. Defendant does not contest any aspect of it or the requested relief. *See id.* at 8 (citing Certificate of Concurrence filed by Plaintiff with the motion papers).

Rule 10(a) of the Federal Rules of Civil Procedure "requires parties to a lawsuit to identify themselves in their respective pleadings." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citing Fed.R.Civ.P. 10(a)). "While not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional cases courts have allowed a party to proceed anonymously." *Id.*

This is one such case. To proceed anonymously, a plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id.* (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010). The Court then considers several non-exhaustive factors which balance the private litigant's interests in proceeding anonymously against the public's strong interest in open access to the courts. *Id.* In this regard, Plaintiff seeks to proceed anonymously to avoid the "distress, public shame, and personal and/or professional harm involved in public disclosure of her name." *See* Doc. No. 14 at 4. She also correctly explains that given these concerns, "the

BY THE COURT:


*s/Pamela A. Carlos*
PAMELA A. CARLOS
U.S. Magistrate Judge

---

public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights[.]" *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001). Moreover, those factors that tend to militate against anonymity are not present here. Plaintiff is not a public figure in any sense. Indeed, Plaintiff explains that her name has not ever been publicly reported, despite her involvement in Mr. Reich's earlier criminal proceedings, as is common in sexual abuse prosecutions. *See* Doc. No. 14 at 3. In short, this Court finds that Plaintiff's private interests in anonymity outweigh the public's interests in access to her identity in this case.

2