**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANE DOE | : | NO.  24-407 |
| | : | |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| PENNSYLVANIA LEADERSHIP | : | |
| CHARTER SCHOOL and | : | |
| CENTER FOR PERFORMING | : | |
| AND FINE ARTS | : | |
| | : | |
| *Defendants*. | : | JURY TRIAL DEMANDED |

**STIPULATED CONFIDENTIALITY ORDER**

The undersigned counsel for Plaintiff Jane Doe ("Plaintiff") and Defendants Pennsylvania Leadership Charter School and the Center for Performing and Fine Arts ("Defendants") agree that, because the discovery in the above-captioned action is likely to involve the disclosure of confidential information, they hereby stipulate to entry of the following Order:

1.      Any party in this action shall mark as "<u>Confidential</u>" any document or any portion of any document, which is reasonably and in good-faith believed by counsel for any party to contain proprietary or confidential business or personal information.  As used herein, confidential material includes any document, material, or information that constitutes or reveals confidential trade secrets or other proprietary business or personal information.  Confidential information shall not include any:  (i) document which has been filed in the regular course of business by any person with a federal or state government or regulatory agency; (ii) any documents generally available to the public or already provided to third parties; (iii) information that already is in the legal and authorized possession of any party; (iv) newspapers, trade publications, magazine articles, press

releases, or contents of websites, or; (v) any document necessary or helpful in the criminal defense of any party. The designation of "Confidential" shall be made at the time that copies of documents or the documents are produced or made available for any other party's inspection, review, or copying.

2.      Aside from the parties, documents designated as "Confidential," or data and information obtained, derived or generated therefrom, shall be disclosed only to:

a.      The Court, the jury, and any other person employed or designated by the Court;

b.      The parties and the parties' attorneys in this action, or in any action consolidated with this action, and persons employed in the attorneys' offices;

c.      Independent experts and consultants, and employees thereof, consulted by counsel in the prosecution, defense, or settlement of this litigation, so long as they are advised that they are bound by the terms of this Order;

d.      Court reporters and their assistants and employees ("Reporters") retained by a party to record and/or transcribe testimony, so long as the Reporters are advised that they are bound by the terms of this Order; and

e.      Witnesses, including deponents, so long as they are advised that they are bound by the terms of this Order.

3.      Documents designated as "Confidential" or data and information obtained, derived or generated therefrom, shall be used solely in connection with this particular action, or any action consolidated with this action, including deposition(s) of any witnesses, pretrial proceedings, preparation for trial, trial, and post-trial litigation or other disposition of this action.

4.      In the event that documents designated as "Confidential" are used, referred to, or entered into evidence at the deposition of any witness, those portions of the transcript in which witnesses are testifying to the specific contents of the documents designated as "Confidential," shall be designated as "Confidential" and accorded the same protections set forth in this Confidential Order for documents designated as "Confidential."

5.      Any documents filed of record that contain the designation of "Confidential" shall be placed in a sealed envelope or other sealed container at the time of filing, which envelope or container shall be conspicuously endorsed with the title of this action, the words "Confidential Material" and a statement substantially in the following form:

> This envelope is sealed pursuant to Confidentiality Order and contains confidential information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court.

6.      Nothing contained in this Stipulated Confidentiality Order shall be construed as a waiver by any party of the right to object to the subject matter of any discovery request made in this action.  The execution of this Stipulated Confidentiality Order shall not be construed as an agreement by any party to produce any document or supply any information and shall not constitute an admission that any designated material is relevant in any way to the issues raised in the pending action or as a waiver of any privilege with respect thereto, including the attorney-client privilege and work-product doctrine.

7.      Any dispute arising under this Stipulated Confidentiality Order shall be submitted to the Court for resolution.

8.      Within thirty (30) days after the final termination of this litigation, whether by settlement, judgment or decision on appeal, all originals, copies, summaries or extracts of

documents designated as Confidential to opposing counsel, together with all documents containing data or information obtained, derived or generated from or set forth in such confidential documents shall be returned to the producing party.  In the alternative, counsel for the party to whom such confidential documents have been produced may certify in writing that all such confidential materials have been destroyed.  Counsel for each party, however, may retain in their possession one full set of deposition and trial exhibits, transcripts from testimony at deposition and trial, pleadings, and filings, without regard to the designation of documents as long as counsel treats such documents according to their designated levels of protection pursuant to the terms of this Confidentiality Order.  This provision shall not apply to any document deemed relevant by any party to a future abuse of process claim or a claim of improper procurement of criminal charges.

9.      If any confidential documents or data and information obtained, derived or generated therefrom is sought through discovery by any party in any other judicial or administrative proceeding, then counsel for the party from whom such confidential documents are sought agrees to promptly notify counsel for the party who produced the confidential documents so as to permit the timely seeking of a protective order from the appropriate court. Notwithstanding the foregoing, this Confidentiality Order shall not be construed to prevent any party hereto from complying with a lawful subpoena or other court process issued by or in any civil or criminal court of competent jurisdiction.

10.      If a party inadvertently produces any confidential materials without labeling or marking or otherwise designating it as such in accordance with the provisions of this Confidentiality Order, the party may give written notice to the receiving party that the document or thing produced is deemed confidential and should be treated as such in accordance with the

provisions of this Confidentiality Order.  The receiving party must treat such documents and things with the noticed level of protection from the date any notice of inadvertent production is received. Promptly upon providing such notice to the receiving party, the party that has provided notice as set forth herein shall provide the receiving party with another copy of the documents or things that bear the new designation under this Confidentiality Order, at which time the receiving party shall return the originally-produced documents and things.  The receiving party's disclosure, prior to the receipt of notice of a new designation, to persons not authorized to receive such information shall not be deemed a violation of this Confidentiality Order.  The receiving party shall make a good faith effort to retrieve such information immediately from such persons not authorized to receive the information and to obtain agreement from the person to whom the disclosure was made to be bound by this Confidentiality Order.  If such efforts are unsuccessful, the receiving party shall notify the party which has provided notice as set forth herein of the disclosure and the identity of the person or entity to whom the disclosure was made.

11.     This Stipulated Confidentiality Order may be executed in two or more counterparts and may be exchanged via facsimile.  When each party has signed and delivered each such counterpart to the other party, each counterpart shall be deemed an original, but all of which together shall be considered one and the same instrument that shall be binding, effective and enforceable as to all parties.

By signing below, counsel hereby agree to be bound by the terms of this Stipulated Confidentiality Order and acknowledge that he/she is authorized in his/her representative capacity to bind his/her respective clients to the terms of this Confidentiality Order.

**ANDREOZZI & FOOTE**

By:  *Veronica N. Hubbard*
    Veronica N. Hubbard
    *Attorneys for Plaintiffs*

**LAMB McERLANE PC**

By:  *Guy A. Donatelli*
    Guy A. Donatelli
    *Attorneys for Defendants*

**SO ORDERED:**

**Date:** 5/22/2024

*s/Pamela A. Carlos*

           **J.**

6